Matter of Reid (2020 NY Slip Op 01174)





Matter of Reid


2020 NY Slip Op 01174


Decided on February 19, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN, JJ.


2019-11828

[*1]In the Matter of Neville A. Reid, admitted as Neville A.. Reid, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Neville A. Reid, respondent. (Attorney Registration No. 1777218)



APPLICATION pursuant to 22 NYCRR 1240.10 by Neville A. Reid, who was admitted to the Bar under the name Neville A. V. Reid, at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 17, 1982, to resign as an attorney and counselor-at-law.



Diana Maxfield Kearse, Brooklyn, NY (Thomas Graham Amon of counsel), for petitioner.
Neville A. Reid, Baldwin, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The respondent, Neville A. Reid, admitted as Neville
A. V. Reid, has submitted an affidavit sworn to on October 11, 2019, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges that he is currently the subject of an investigation by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts involving allegations of professional misconduct. Specifically, the respondent avers that during the course of his representation of Carline Michaud and Frantz Michaud, he received a check in the sum of $49,000, which he deposited into his escrow account on November 8, 2012. Although he was required to maintain those funds on deposit in the escrow account until they were returned to the Michauds, the respondent admits that he utilized those funds for his own personal use over the course of several years. The respondent further acknowledges that during the period from 2014 through 2018, he misappropriated client funds being held in connection with real estate matters. The respondent avers that he cannot successfully defend himself against the allegations based upon the facts and circumstances of his professional conduct.
The respondent also acknowledges that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent avers that he returned the funds owed to the Michauds in June 2018, and that all other parties entitled to funds pursuant to the real estate [*2]matters he handled between 2014 and 2018 have received their funds. Notwithstanding the absence of any restitution to be made, the respondent acknowledges that the resignation is submitted subject to any future application that may be made by the Grievance Committee for an order pursuant to Judiciary Law § 90(6-a) directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of an order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event this Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and AUSTIN, JJ., concur.
ORDERED that the application of the respondent, Neville A. Reid, admitted as Neville A. V. Reid, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Neville A. Reid, admitted as Neville A. V. Reid, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Neville A. Reid, admitted as Neville A. V. Reid, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Neville A. Reid, admitted as Neville A. V. Reid, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Neville A. Reid, admitted as Neville A. V. Reid, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court